IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 3041 |
| | ) | |
| v. | ) | |
| | ) | Judge John Z. Lee |
| JOHN PALELLA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Malibu Media, LLC ("Malibu Media") sues Defendant John Palella, alleging that Palella has violated Malibu Media's copyrights by distributing digital copies of its movies using BitTorrent software, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. Palella, who is proceeding *pro se*, moves to dismiss the complaint, arguing that Malibu Media's reliance upon an internet protocol ("IP") address to identify him as a defendant is insufficient under the Federal Rules of Civil Procedure. For the reasons stated herein, Palella's motion to dismiss is denied.

## ANALYSIS

Malibu Media, a California limited liability company, owns the copyrights to various pornographic movies, ten of which are at issue in this case. Am. Compl. ¶¶ 8, 22; *id.*, Ex. A, IPP Int'l U.G. Decl. ("IPP Decl."); *id.*, Ex. B, Copyrights-In-Suit for IP Address ("Copyrights-in-Suit"), ECF No. 22. Malibu Media alleges that Palella, who lives in Lombard, Illinois, is a "persistent online infringer" of Malibu Media's copyrights. *Id.* ¶¶ 2, 9.

According to Malibu Media, Palella has used BitTorrent, a "peer-to-peer file sharing system[ ] used for distributing large amounts of data," to distribute its movies on the internet. *Id.*

1

¶¶ 10, 23, 25. BitTorrent "breaks a file into many small pieces," which users then exchange amongst each other "instead of attempting to distribute a much larger digital file." *Id.* ¶ 12. After receiving all the pieces of a digital media file, the BitTorrent software "reassembles the pieces so that the file may be opened and utilized." *Id.* ¶ 13. Each piece of a BitTorrent file is assigned a "unique cryptographic hash value," which "acts as that piece's unique digital fingerprint." *Id.* ¶¶ 14–15. The entire digital media file also has a unique cryptographic hash value. *Id.* ¶ 16.

Malibu Media identified Palella through an investigator, who "established a direct TCP/IP connection" with Palella's IP address on multiple occasions from March 2017 to February 2018. *Id.* ¶¶ 5, 17–18; *id.* IPP Decl. While connected, the investigator downloaded "one or more pieces" of each of the ten copyrighted digital media files at issue. *Id.* ¶¶ 17–18; *id.*, IPP Decl. Furthermore, "[a] full copy of each digital media file was downloaded from the BitTorrent file distribution network." *Id.* ¶ 20. According to Malibu Media, Palella "downloaded, copied, and distributed a complete copy" of Malibu Media's works without authorization. *Id.* ¶ 23. Accordingly, Malibu Media alleges, Palella is a "habitual and persistent BitTorrent user and copyright infringer." *Id.* ¶ 25.

Palella moves to dismiss the complaint "for lack of evidence and no jurisdiction." Def.'s Mot. Dismiss at 1, ECF No. 30. Although he cites no rule, because he is proceeding *pro se*, the Court will construe Palella's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (7th Cir. 2007), and recast his motion as one under Rule 12(b)(6), challenging Malibu Media's ability to state a claim.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Palella contends that Malibu Media has to do more than simply identify him as the registered subscriber of the suspected IP address in order to name him as a defendant, because others may have access to the IP address as well. For example, because he accesses the internet at home via a wifi router, he argues, it is possible that others—such as a roommate, the roommate's friends, neighbors, a house/dog sitter, and anyone in a "sports field park" right across from his home—could have gained access to his internet account and downloaded the movies. Def.'s Mot. Dismiss at 1. Indeed, he claims that, for more than half of the dates identified, he was not at his home and was out of state.

Palella makes other arguments as well. He contends that "[b]its and pieces are not movies," and that Malibu Media has no evidence that he made copies. *Id.* at 1–2. Palella also argues that Malibu Media's investigator operated without a license and used unreliable methods. And, finally, Palella claims that some of the infringement at issue occurred prior to registration of the copyrights at issue.

3

To state a copyright infringement claim, Malibu Media must allege (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Palella's arguments speak to a split in the federal courts concerning whether a defendant's status as the registered subscriber of an IP address used to infringe a copyright supports a plausible inference that the defendant himself engaged in infringing activity. The Ninth Circuit recently has answered this question in the negative, holding that "[b]ecause multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle." *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). At least one court in this district has taken the Ninth Circuit's approach and held that, to state a claim of online copyright infringement, a plaintiff must allege "something more" than the mere subscription to an infringing IP address. *See Malibu Media, LLC v. Doe*, No. 18 C 450, 2018 WL 6446404, at *2–3 (N.D. Ill. Dec. 10, 2018) (collecting cases).

But this Court respectfully declines to follow the approach taken in *Cobbler Nevada*. At the pleading stage, the plaintiff's burden is minimal. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The plaintiff need allege only those facts that are necessary to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," as well as to raise a plausible inference that the defendant may, in fact, be found liable upon further investigation. *Twombly*, 550 U.S. at 555. And while Rule 11 requires an attorney to conduct a reasonable investigation before filing a complaint, *see Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993), it does not require counsel to do everything within his or her power to verify the validity of the claim pre-suit.

4

Here, Malibu Media has conducted a reasonable pre-suit investigation—it hired an investigator to track down the IP address responsible for infringement and issued a subpoena to the internet service provider to determine the subscriber of the IP address. *See* Mot. Leave File Am. Compl. at 1, ECF No. 15. The Court is well aware that individuals, other than Palella, may have had access to the internet using Palella's IP address. But short of staking out Palella's residence, it is unclear how Malibu Media could have obtained any further information concerning Palella's internet usage. And, given the security features commonly integrated into most wifi routers these days, it *is* plausible to infer that, as the registered subscriber of the IP address, Palella was the person who accessed the internet using the IP address to download the movies in question. As to Palella's argument that it was not he who did it, that is a defense to the claim that is best left for discovery.

Accordingly, this Court is in accord with others that find identification of an IP address account holder sufficient to name a defendant for pleading purposes. *See, e.g.*, *Countryman Nev., LLC v. Pitts*, No. 6:14-cv-493-ORL-40GJK, 2014 WL 7178077 (M.D. Fla. Dec. 16, 2014) (collecting cases); *Malibu Media, LLC v. Butler*, No. 13-cv-02707-WYD-MEH, 2014 WL 3272500 (D. Colo. July 8, 2014); *Malibu Media LLC v. Gilvin*, No. 3:13-cv-72, 2014 WL 1260110 (N.D. Ind. Mar. 26, 2014); *Malibu Media, LLC v. Harris*, No. 1:12-cv-1117-WTL-MJD, 2013 WL 3780571 (S.D. Ind. July 18, 2013).

Palella's other arguments similarly misunderstand Malibu Media's burden at the pleading stage. For instance, although he contends that "bits and pieces are not movies," Def.'s Mot. Dismiss at 1–2, Malibu Media alleges that he is responsible for copying a "full copy" of the movies. Am. Compl. ¶ 20. The Court must accept this allegation as true, though discovery may

show otherwise. Furthermore, although Palella questions the appropriateness of Malibu Media's investigation, that issue also requires further factual development. Finally, although the exhibits to the amended complaint confirm that some of the movies were downloaded prior to the registration of their copyrights, *see* Copyrights-In-Suit, Malibu Media correctly points out that pre-registration may protect a copyrighted work if the author applies for final registration in a timely manner. *See* 17 U.S.C. § 408(f). And, once a work is registered, a copyright owner may recover for infringement that occurred both before and after registration. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886–87 (2019).

## Conclusion

For these reasons, the Court concludes that Malibu Media has satisfied its minimal pleading burden to allege a claim of copyright infringement. Accordingly, Palella's motion to dismiss is denied. The status hearing previously set for April 18, 2019 at 9:00 a.m. will stand.

**IT IS SO ORDERED.**              **ENTERED: 4/12/19**

_____
**John Z. Lee**
**United States District Judge**