# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 1:18-cv-03041 |
| ) | |
| v. ) | Judge John Z. Lee |
| ) | Magistrate Judge Sheila M. Finnegan |
| JOHN PALELLA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JUDGMENT AND PERMANENT INJUNCTION AGAINST JOHN PALELLA

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of Judgment against John Palella ("Motion"). Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the Court hereby finds:

1. The address of Plaintiff is:

    30700 Russell Ranch Road, Suite 250
    Westlake Village, CA 91362

2. The name and address of Defendant is:

    John Palella
    748 East Madison Street
    Lombard, IL 60148

3. This Court has jurisdiction over the subject matter of this case and the parties.

4. Venue is proper in this District.

5. The Amended Complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 101, and contributory copyright infringement upon which relief may be granted against Defendant.

6. Under Count I of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

7. Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the ten (10) copyrighted works as set forth in the motion (the "Works") through Defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from Plaintiff.

8. There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Works.

9. Entry of a permanent injunction against Defendant is in the public interest because "[t]he public is generally interested in upholding intellectual property rights, encouraging creativity and innovation, and rewarding the investment of resources in these pursuits." *Computer Associates International v. Quest Software, Inc.*, 333 F. Supp. 2d 688, 701 (N.D. Ill. 2004).

10. In exercising its discretion, the Court awards statutory damages in the amount of $15,000.00.

11. Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $483.00 in costs, which amount this Court finds reasonable.

12. In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Judgment shall be binding upon Defendant and all other persons in active concert or participation with Defendant who receive actual notice of this Motion for Entry of Judgment.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant John Palella:

(a) shall pay to Plaintiff the sum of $15,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $482.75 costs, as authorized under 17 U.S.C. § 505, making a total of $15,482.75, for which let execution issue forthwith;

(b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this judgment until the date of its satisfaction;

(c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff.

(d) be and is hereby ordered to destroy all copies of Plaintiff's works that the Defendant John Palella has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant John Palella's possession, custody, or control.

**DONE AND ORDERED** this 11th day of August, 2020.

By: _____
John Z. Lee
UNITED STATES DISTRICT JUDGE